### J. C. ENGLAND v. W. C. BRINSON.

(No. 2574, R. Book No. 4, p. 333.)

APPEAL from Collin County. Opinion by WILLSON, J.

§ 320. *Trial of the right of property; issue on.* Upon the trial, England tendered, as an issue in the case, that since the levy of Brinson's distress warrant on the mules was made, Cox, the other tenant, had fully paid off and satisfied the debt to Brinson, wherefore Brinson no longer had any right to the mules. Appellee excepted to this issue, and the exception having been sustained, this ruling is assigned as error. In a trial of the right of property, the statute provides that an issue shall be made up in writing between the parties, which said issue shall consist of a brief statement of the authority and right by which the plaintiff seeks to subject the property levied on, and of the nature of the claim of defendant thereto. [Rev. Stats. arts. 4833, 4834.] In this case the authority and right by which the appellee sought to subject the mules was his distress warrant, based upon a landlord's lien to secure a debt due him by his tenant Cox. Appellant's claim was that he had purchased the mules from Cox. This being the issue, did not appellant have the right to plead and prove that Cox had paid off and satisfied the debt to Brinson? Satisfaction of the debt destroyed his lien upon the mules, and they became the property of appellant by virtue of his purchase from Cox. That the debt had been paid after the levy of the distress warrant would not affect the question except as to the costs and the ten per cent. damages, should appellant fail to establish his claim to the property otherwise than by showing appellee's right to it had ceased to exist since the levy of

his writ. In other words, should appellant fail to establish his superior right to the property at the date of the levy, but does establish a superior right to it acquired since the levy, appellee, we think, would be entitled to recover costs and ten per per cent. damages awarded by the statute, but nothing more.

§ 321. *Landlord; supplies and animals furnished.* Cox bought the mules, and gave his note with Brinson, the landlord, and one Kilgore, as sureties thereon, for the purchase price. When these proceedings were instituted, this note was not due, and Brinson had never paid it or any portion of it. Under these facts, can it be said these mules were *furnished* by Brinson, the landlord, to Cox, the tenant, within the meaning of art. 3107, Rev. Stats. ? Appellee's lien, if he has any, depends wholly upon this statute. In construing a statute, the rule is that it shall be liberally construed with a view to effect its object and promote justice. [Rev. Stats. sec. 3, Final Title.] What does the word *"furnished"* mean in this statute ? Is it to be so construed as to include all supplies and all animals acquired by the tenant upon the joint credit and obligation of himself and landlord, or is it to be limited to those furnished directly by the landlord, and for which the tenant is responsible to the landlord alone ? We think it must be so limited. Again, how can it be said that the landlord had *furnished* the mules when they had not been paid for, and when the tenant's obligation for the purchase was outstanding against him and in the hands of a person other than the landlord ?

If Brinson had paid the note and released Cox from all liability thereon, then he might have a legal right to claim that he had *furnished* the mules to the tenant, but we can perceive no such right in this case. In legal contemplation, the mules had not been *"furnished"* by the landlord.

May 12, 1883.          Reversed and remanded.